**Vicki A. HORNE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3219.

United States Court of Appeals, Federal Circuit.

DECIDED: Dec. 18, 2002.

Before NEWMAN, RADER, and GAJARSA, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Vicki A. Horne petitions for review of a decision of the Merit Systems Protection Board dismissing her appeal as untimely filed. *Horne v. Department of Agriculture,* MSPB Docket No. CH0752020063–I–1, 91 M.S.P.R. 666 (March 11, 2002). Because the Board correctly determined that Ms. Horne failed to show good cause to excuse her delay, we *affirm.*

BACKGROUND

Ms. Horne worked as a GS–4 Clerk Typist for the Farmers Horne Administra-

tion of the Department of Agriculture between 1987 and 1992. Ms. Horne began a leave of absence for medical reasons in March of 1992 and was scheduled to return to work on September 8 or 10, 1992. When Ms. Horne failed to return, she was notified by letter dated September 10 that she was "absent without official leave" and that the office intended to proceed with her removal. On September 14, 1992 Ms. Horne submitted a voluntary resignation, Form SF–52, in which she explained that she was leaving for medical, transportation, and other personal reasons.

On October 25, 2001, Ms. Horne filed an appeal to the Board, stating that her resignation in 1992 was involuntary and that her supervisor wrongfully discharged her when she was on medical leave due to complications associated with pregnancy. The Board's administrative judge ordered Ms. Horne to establish that her appeal was delayed for good cause and that her resignation was involuntary. In response, Ms. Horne stated that she was not advised of either her right to appeal her "removal" or the limitations on that right, and that within days of leaving her position she "raised an allegation of discrimination and a claim for damages" with "the State office," thus making clear her intention to file an appeal. She also stated that she was coerced to resign due to "unlawful discrimination by the Agency and misrepresentation." The Department of Agriculture responded that the nine year delay was not justified as Ms. Horne "filed no grievance, appeal or EEO complaint" regarding her voluntary resignation prior to 2001, and that an appeal "filed some years ago on an unrelated matter" was handled by the Equal Employment Opportunity Commission. The Department of Agriculture further stated that even if the appeal were timely filed, the resignation was voluntary and

therefore outside of the Board's jurisdiction.

The administrative judge dismissed the appeal as untimely in light of the nine year delay, finding that Ms. Horne had not shown good cause for the delay, and did not reach the question of whether the resignation was involuntary. The Board denied Ms. Horne's petition for review. This appeal followed.

## DISCUSSION

On review of final decisions of the Merit System Protection Board pursuant to 28 U.S.C. § 1295(a)(9), the Board's decision must be affirmed unless it is an abuse of discretion, not in accordance with law, procedurally infirm, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Walls v. Merit Systems Protection Board,* 29 F.3d 1578, 1581 (Fed.Cir.1994). A petition for appeal must be filed within the later of thirty calendar days of an agency's removal action, or thirty days after the receipt of the agency's decision; the Board has discretion to waive this time limit upon a showing of good cause. 5 C.F.R. § 1201.22; *see Alonzo v. Department of the Air Force,* 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980) ("good cause" is an elastic concept ... entitl[ing] the employee to the application of the broad equitable principles of justice and good conscience.") We review a decision to waive the regulatory time limit for abuse of discretion. *Mendoza v. Merit Systems Protection Board,* 966 F.2d 650, 653 (Fed.Cir.1992) (*en banc*).

The Board found that over nine years had passed before Ms. Horne complained that her resignation was coerced. The Board found that the record did not show that Ms. Horne informed the agency that she believed that her resignation was involuntary until her 2001 appeal, and held that the agency had no duty to notify Ms. Horne of her appeal rights, for on its face the resignation was routinely voluntary.

*See Clark v. United States Postal Service,* 989 F.2d 1164, 1169 (Fed.Cir.1993) ("the agency becomes obligated to inform the employee of his appeal rights, only after the employee puts the government on notice that he views his resignation as involuntary"). A decision to pursue alternative relief such as the discrimination claim mentioned by Ms. Horne does not automatically excuse extensive delay in pursuing appeal rights. Although Ms. Horne told the Board that "[m]y case has been alive since 1992," and that "I have been in contact with the agency regarding my being fired since I contacted EEOC right after I was discharged," the Board's finding that Ms. Horne did not exercise due diligence and ordinary prudence in filing an appeal is supported by substantial evidence. We discern no abuse of discretion in the Board's dismissal of Ms. Horne's appeal as untimely filed.